**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

ABIODUN ALARA, SAMANTHA
GRINDLEY, and TAMARA GRINDLEY,

        Plaintiffs,                              Case No.: 9:24-cv-80492-XXXX

vs.

RETREAT BEHAVIORAL HEALTH, LLC,

        Defendant.

_____/

<u>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**</u>
<u>**COMPLAINT**</u>

      Defendant, RETREAT BEHAVIORAL HEALTH, LLC ("Retreat" or "Defendant"),

pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files its Answer and Statement

of Defenses to Plaintiffs, ABIODUN ALARA, SAMANTHA GRINDLEY, and TAMARA

GRINDLEY's Complaint [D.E. 1], and states as follows:

<u>**JURISDICTION AND VENUE**[1]</u>

      1.      Defendant admits the allegations in this paragraph for jurisdictional purposes only

and denies same for any other purpose. Defendant denies the remaining allegations in paragraph

1. Defendant denies any violation of law and denies that Plaintiffs are entitled to any relief.

      2.      Defendant admits the allegations in this paragraph for jurisdictional purposes only

and denies same for any other purpose. Defendant denies the remaining allegations in paragraph

2. Defendant denies any violation of law and denies that Plaintiffs are entitled to any relief.

---

[1] Headings in this pleading are as they appear in Plaintiffs' Complaint and are for organizational purposes only.

3.      Defendant admits the allegations contained in Paragraph 3 for venue purposes only. Defendant denies the remaining allegations in paragraph 3. Defendant denies any violation of law and denies that Plaintiffs are entitled to any relief.

## <u>ADMINISTRATIVE PREREQUISITES</u>

4.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

5.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

6.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

7.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

8.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

9.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

10.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

11.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

12.      Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

13.     Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

## PARTIES

14.     Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

15.     Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

16.     Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

17.     Denied as phrased.

18.     Denied.

19.     Denied.

20.     Denied.

21.     The allegations contained in Paragraph 21 call for a legal conclusion to which no response is required. To the extent a response is required, denied.

## GENERAL ALLEGATIONS

**Abiodun Alara**

22.     Admitted.

23.     Admitted.

24.     Denied as phrased.

25.     Denied as phrased.

26.     Admitted to the extent Abiodun Alara was laid off on February 17, 2023.

27.     Denied.

28.     Denied as phrased.

29.     Denied as phrased.

30.     Denied.

31.     Denied as phrased.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

**Samantha Grindley**

36.     Admitted.

37.     Admitted.

38.     Denied as phrased.

39.     Denied as phrased.

40.     Admitted to the extent Samantha Gridley was laid off on February 17, 2023.

41.     Denied as phrased.

42.     Denied as phrased.

43.     Denied as phrased.

44.     Denied.

45.     Denied as phrased.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

**Tamara Grindley**

50.     Admitted.

51.     Admitted.

52.     Denied as phrased.

53.     Denied as phrased.

54.     Admitted to the extent Tamara Gridley was laid off on February 17, 2023.

55.     Denied as phrased.

56.     Denied as phrased.

57.     Denied as phrased.

58.     Denied.

59.     Denied as phrased.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

**All Plaintiffs**

64.     Denied as phrased.

65.     Denied.

66.     Denied as phrased.

67.     Denied.

68.     Denied as phrased.

69.     Denied.

**COUNT I**

**<u>PLAINTIFF, ABIODUN ALARA'S CLAIM OF AGE DISCRIMINATION IN</u>**
**<u>VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§</u>**
**<u>621-634</u>**

70.     Defendant readopts and reincorporates by reference its responses to the allegations in Paragraphs 1 through 35 and 67 through 69 of its Answer as if fully set forth herein.

71.     The statute cited by Plaintiffs speaks for itself. To the extent a response is required, denied.

72.     The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, denied.

73.     Denied as phrased.

74.     Denied as phrased.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied as phrased.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied phrased.

86.     Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

In response to the unnumbered "Wherefore" clause following Paragraph 86, said allegations are denied, and Defendant denies that Plaintiffs are entitled to any relief for her allegations.

## COUNT II

## PLAINTIFF, ABIODUN ALARA'S CLAIM OF AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

87.     Defendant readopts and reincorporates by reference its responses to the allegations in Paragraphs 1 through 35 and 67 through 69 of its Answer as if fully set forth herein.

88.     Denied.

89.     The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, denied.

90.     Denied as phrased.

91.     Denied as phrased.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied as phrased.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

In response to the unnumbered "Wherefore" clause following Paragraph 106, said allegations are denied, and Defendant denies that Plaintiffs are entitled to any relief for her allegations.

## COUNT III

## PLAINTIFF, SAMANTHA GRINDLEY's, CLAIM OF AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

107.    Defendant readopts and reincorporates by reference its responses to the allegations in Paragraphs 1 through 21, 36 through 49, and 67 through 69 of its Answer as if fully set forth herein.

108.    The statute speaks for itself. To the extent a response is required, denied.

109.    The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, denied.

110.    Denied as phrased.

111.    Defendant is without sufficient knowledge to admit or deny the allegations in this Paragraph, therefore said allegations are denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

In response to the unnumbered "Wherefore" clause following Paragraph 123, said allegations are denied, and Defendant denies that Plaintiffs are entitled to any relief for her allegations.

## <u>COUNT IV</u>

## <u>PLAINTIFF, SAMANTHA GRINDLEY's, CLAIM OF AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992</u>

124.    Defendant readopts and reincorporates by reference its responses to the allegations in Paragraphs 1 through 21, 36 through 49, and 67 through 69 of its Answer as if fully set forth herein.

125.    Denied.

126.    The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, denied.

127.    Denied as phrased.

128.    Denied as phrased.

129.    Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

In response to the unnumbered "Wherefore" clause following Paragraph 144, said allegations are denied, and Defendant denies that Plaintiffs are entitled to any relief for her allegations.

## COUNT V

## PLAINTIFF, TAMARA GRINDLEY's, CLAIM OF AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

145.   Defendant readopts and reincorporates by reference its responses to the allegations in Paragraphs 1 through 21 and 50 through 69 of its Answer as if fully set forth herein.

146.   The statute speaks for itself. To the extent a response is required, denied.

147.    The allegations contained in this paragraph call for a legal conclusion, to which no response is required. To the extent a response is required, denied.

148.    Denied as phrased.

149.    Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph, therefore denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied

161.    Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

In response to the unnumbered "Wherefore" clause following Paragraph 161, said allegations are denied, and Defendant denies that Plaintiffs are entitled to any relief for her allegations.

<u>**COUNT VI**</u>

<u>**PLAINTIFF, TAMARA GRINDLEY'S, CLAIM OF AGE DISCRIMINATION IN
VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**</u>

162.    Defendant readopts and reincorporates by reference its responses to the allegations in Paragraphs 1 through 21 and 50 through 69 of its Answer as if fully set forth herein.

163.    Denied.

164.    The allegations contained in this paragraph call for a legal conclusion, to which no response is required. To the extent a response is required, denied.

165.    Denied as phrased.

166.    Denied as phrased.

167.    Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph, therefore said allegations are denied.

In response to the unnumbered "Wherefore" clause following Paragraph 182, said allegations are denied, and Defendant denies that Plaintiffs are entitled to any relief for her allegations.

### PRAYER FOR RELIEF

Denied that Plaintiffs are entitled to any relief whatsoever, including the relief requested in the Wherefore clause (including subparts).

### JURY TRIAL DEMAND

Defendant admits that Plaintiff is seeking a jury trial but denies that Plaintiff is entitled to any relief whatsoever.

### GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not specifically admitted herein.

### STATEMENT OF DEFENSES

Without waiving or excusing the burden of proof on Plaintiffs' causes of action, Defendant states the following defenses, but does not assume the burden of proof of such defenses except as required by law with respect to the particular defenses asserted:

1.      The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to satisfy

conditions precedent to bringing his claims.

3.      To the extent Plaintiffs' claims are based on any acts that occurred prior to the applicable statute of limitations, Plaintiffs' claims are time-barred.

4.      Plaintiffs' purported claims are barred, in whole or in part, as all employment actions that Defendant took related to Plaintiffs were based upon legitimate, non-discriminatory reasons and were in no way motivated by any alleged discriminatory and/or retaliatory animus.

5.      Defendant asserts that it acted reasonably and in good faith at all times and has not violated any of Plaintiffs' rights under any federal, state or local law, rule or regulation.

6.      Plaintiffs' claims are barred by the doctrine of estoppel, unclean hands and laches.

7.      Plaintiffs' claims are barred and/or limited by the after-acquired evidence doctrine, to the extent that discovery shows they engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in his discharge if Defendant had then known of that conduct.

8.      Plaintiffs' employment was terminable at will. Plaintiffs had no expectation of continued or permanent employment.

9.      Plaintiffs' alleged damages are limited to the extent they failed to mitigate their damages.

10.     To the extent that Plaintiffs may have reasonably attempted to mitigate their damages, Defendant is entitled to a set off and/or deduction in the amount(s) that Plaintiffs did earn or could have earned through reasonable efforts.

As to all Affirmative Defenses listed above, discovery is ongoing and thus, Defendant hereby reserves its right to later seek leave to amend these Defenses for the purposes of adding

additional defenses or modifying the defenses presently asserted based upon information discovered during the course of discovery in this matter.

WHEREFORE, Defendant, RETREAT BEHAVIORAL HEALTH, LLC, respectfully requests that this Honorable Court enter judgment against Plaintiffs, ABIODUN ALARA, SAMANTHA GRINDLEY, and TAMARA GRINDLEY, as to all issues and matters set forth in Plaintiffs' Complaint, and request all relief to which Defendant is entitled, including, but not limited to, attorneys' fees and costs and any other relief with which this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send a notice of electronic filing to all counsel of record.

Respectfully submitted,

**KAUFMAN DOLOWICH, LLP**

*/s/Benny Menaged*
Benny Menaged, Esq.
FBN: 1008200
benny.menaged@kaufmandolowich.com
Abbye E. Alexander, Esq.
FBN: 662348
aalexander@kaufmandolowich.com
One Financial Plaza
100 S.E. 3rd Ave., Suite 1500
Ft. Lauderdale, FL 33394
Phone: 954-302-2360
*Counsel for Defendant*